22-6305
Zhong v. Garland

BIA
Palmer, IJ
A208 013 539

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of June, two thousand twenty-four.

PRESENT:
　　　WILLIAM J. NARDINI,
　　　ALISON J. NATHAN,
　　　MARIA ARAÚJO KAHN,
　　　　　*Circuit Judges.*
_____

SHENGJIE ZHONG,
　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　　　　**22-6305**
　　　　　　　　　　　　　　　　　　　　　**NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
　　　*Respondent.*
_____

FOR PETITIONER:　　　　　Theodore N. Cox, New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant
                            Attorney General; Anthony P. Nicastro,
                            Assistant Director; Dana M. Camilleri, Trial
                            Attorney, Office of Immigration Litigation,
                            United States Department of Justice,
                            Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shengjie Zhong, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shengjie Zhong*, No. A208 013 539 (B.I.A. June 7, 2022), *aff'g* No. A208 013 539 (Immigr. Ct. N.Y.C. July 1, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA, that is, minus the findings on which the BIA declined to rely. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's "legal conclusions *de novo*, and its factual findings, including adverse credibility determinations, under the substantial evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d

2

Cir. 2013) (quoting *Shi Jie Ge v. Holder*, 588 F.3d 90, 93–94 (2d Cir. 2009)). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

After considering the totality of the circumstances, an IJ may base a credibility determination on:

> [T]he inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."

*Id.* § 1158(b)(1)(B)(iii). We will defer to the IJ's credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Here, substantial evidence supports the agency's determination that Zhong was not credible as to her claim of past persecution on account of religion or regarding her ongoing practice of Christianity in the United States.

First, the agency reasonably relied on omissions from Zhong's asylum

3

application to support its adverse credibility determination. Her application reported that the police arrested her in May 2012 and beat her with sticks, but did not mention injuries or medical treatment—yet she later testified before the IJ that she suffered a head injury and was hospitalized for two weeks. While the omission of details of the aftermath of persecution may be insignificant and thus not a proper basis for an adverse credibility determination, Zhong omitted significant information from her application that one would reasonably expect her to disclose. *See Hong Fei Gao*, 891 F.3d at 78–81 ("[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose."); *see also Jian Liang v. Garland*, 10 F.4th 106, 115 (2d Cir. 2021) (upholding adverse credibility determination where petitioner omitted "critical information" that petitioner "would reasonably have been expected to disclose much earlier"). Accordingly, the agency did not err in finding that omission probative.

Second, an inconsistency between Zhong's testimony and her friend's letter supports the adverse credibility determination and bolsters the agency's reliance on the omission of the hospitalization. As noted above, Zhong testified that she was hospitalized for two weeks, but her friend stated that she witnessed Zhong's

4

arrest and then saw Zhong in school a few days later. The agency was not required to credit Zhong's unsupported explanation that in China a few days could mean between one and thirty days. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Third, Zhong's mother's letter introduced an inconsistency, omitted any mention of Zhong's hospitalization, and did not corroborate Zhong's claim that the police continued to look for her. Zhong's testimony and her mother's affidavit were inconsistent about when she began attending church. Zhong testified that she first told her mother about her participation in a church in September 2012, but her mother's letter states that she was worried about her daughter's participation in the church in 2011. The agency was not required to credit Zhong's speculation that perhaps her mother learned of her earlier interest from a relative or classmate. *See Majidi*, 430 F.3d at 80. Further, her mother's letter mentions Zhong's alleged May 2012 arrest and beating as well as the 2013 police raid, but does not note any injuries or medical treatment or confirm that the

5

police searched for Zhong many times between 2014 and 2019. *See Xiu Xia Lin*, 534 F.3d at 166–67 (upholding agency's reliance on cumulative effect of minor inconsistencies and omissions).

Finally, the agency reasonably relied on the lack of reliable corroboration as further support for the adverse credibility determination. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Moreover, we "generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence." *See Y.C.*, 741 F.3d at 332. The agency did not err in declining to credit Zhong's corroborating evidence.

Here, Zhong submitted a document to confirm her hospitalization and offered witness testimony to corroborate her practice of Christianity in the United States. The medical records that Zhong described as discharge documents were dated the day of the alleged beating. And Zhong's witness testified that he was at her baptism in the United States, but that was inconsistent with Zhong's testimony that she was only baptized once in China.

6

In sum, the omissions, inconsistencies, and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts. *Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7